Fuchsberg, J.
(dissenting). It is well understood that the exclusionary rule, under which a statement taken from a defendant in violation of his Miranda rights is suppressible, operates under the principled and practical theory that, by allowing the prosecution no benefit from the use of the suppressed material, the State will be deterred from engaging in conduct which trespasses on a defendant’s constitutional rights. This policy may be circumvented, however, when, though a statement so taken is suppressed, as it was here, it may be used to impeach the defendant if and when he takes the stand.
At the very least this prospect can have the chilling effect of restraining the defendant from taking the stand. If he nevertheless does so, the prosecution, in addition to whatever other means is at its disposal to attack the defendant’s credibility, enjoys the advantage of the use of material which, but for the violation of the defendant’s rights, would not have been in its possession.
*331 Even allowing for those cases which have cut back on the application of this policy (see majority opn below 60 AD2d 921), since the defendant’s testimony here consisted essentially of but a denial of his guilt and a narrow recital of his exculpatory version of the events, but did not directly confront the matter later introduced by his cross-examination and Detective Martin’s testimony, the door was not opened and it should be irrelevant that, but for Miranda, the testimony may have been admissible. If that is to be the criterion, the rationale and policy of Miranda will have been drained of much of its force since in few cases would its transgression leave the People without some benefit. At least as a matter of State constitutional law, that should not be allowed. I therefore would affirm the Appellate Division’s determination that a new trial is required.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones and Wachtler concur with Judge Cooke; Judge Fuchsberg dissents and votes to affirm in a separate opinion.
Order reversed and the case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.